UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| ANTHONY MOORE, | Civil No. 12-607 (DWF/LIB) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| LEANN K. BERTSCH, | |
| Defendant. | |

Plaintiff, a North Dakota state prison inmate, commenced this action by filing a self-styled complaint seeking relief for alleged violations of his federal constitutional rights. (Docket No. 1.) Plaintiff did not pay any filing fee for the present action, but instead applied for leave to proceed in forma pauperis, ("IFP"). (Docket No. 2.) The matter has been referred to this Court for initial screening pursuant to 28 U.S.C. § 1915A, and for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1. For the reasons discussed below, the Court finds that Plaintiff's IFP application should be denied, and this action should be dismissed without prejudice.

**I. BACKGROUND**

Plaintiff alleges that he was recently transferred from the North Dakota State Penitentiary in Bismarck, North Dakota, to the James River Correctional Center – Special Assistance Unit, ("JRCC"), in Jamestown, North Dakota. He further alleges that he has been mistreated at JRCC, and that his federal constitutional rights have been violated.

Plaintiff is presently attempting to sue Leann Bertsch, the Director of the North Dakota Department of Corrections and Rehabilitation. He is seeking a judgment in this

case that would cause him to be transferred from JRCC to a federal prison.

## II. DISCUSSION

Because Plaintiff is a prisoner who is seeking redress from a government employee, (Defendant Bertsch), his pleading is subject to initial "screening" pursuant to 28 U.S.C. § 1915A. That statute, which is part of the Prison Litigation Reform Act of 1995, ("the PLRA"), requires federal courts to screen the complaint in every civil action brought by a prisoner against governmental entities and/or employees "before docketing, if feasible or, in any event, as soon as practicable after docketing." 28 U.S.C. § 1915A(a). The Court must determine whether the pleading states an actionable claim, and should be allowed to proceed. If a prisoner-plaintiff has failed to plead a viable claim, his complaint must be summarily dismissed. 28 U.S.C. § 1915A(b)(1).

In this case, it appears on the face of the complaint that all of Plaintiff's claims against Defendant Bertsch are based on acts or omissions that occurred entirely in the State of North Dakota. There are no allegations suggesting that any of Plaintiff's current claims are based on anything that happened in Minnesota. It further appears that the only named Defendant in this action, Defendant Bertsch, is a resident of North Dakota, and that she has not had any jurisdictionally significant contacts with the State of Minnesota. It is therefore necessary to consider whether there is any proper basis for exercising personal jurisdiction over Defendant Bertsch in the District of Minnesota.

This is third time in the past six months that Plaintiff has attempted to sue Defendant Bertsch here in the District of Minnesota. In both of Plaintiff's two prior cases – <u>Moore v. Bertsch</u>, No. 11-2692 (DWF/LIB), and <u>Moore v. Bertsch</u>, No. 11-3700 (DWF/LIB) – this Court entered a Report and Recommendation, ("R&R"), which recommended summary

dismissal for lack of personal jurisdiction. The Court's two previous R&Rs fully explained the legal rules pertaining to personal jurisdiction, and the Court sees no reason to repeat that explanation for a third time. Suffice it to say that here, as in both of Plaintiff's two prior lawsuits against Defendant Bertsch, there is nothing to suggest that there has been <u>any</u> jurisdictionally significant contact or connection between Defendant Bertsch and the State of Minnesota. Plaintiff's complaint does not describe anything that Defendant Bertsch has done in Minnesota that should have caused Bertsch to anticipate that she might be suable in this state. It is readily apparent that Plaintiff's claims are based entirely on matters that allegedly occurred in North Dakota, and none of his current claims are based on anything that occurred in Minnesota. Thus, the Court finds – once again – that there is no proper basis for exercising personal jurisdiction over Defendant Bertsch in the District of Minnesota.[1]

When an IFP applicant (such as Plaintiff here) files a complaint that does not include any allegations supporting personal jurisdiction over the named defendant(s) the case can properly be dismissed, <u>sua</u> <u>sponte</u>. <u>Sanders v. United States</u>, 760 F.2d 869, 871-72 (8th Cir. 1985) (<u>per</u> <u>curiam</u>); <u>see</u> <u>also</u>, <u>Martin-Trigona v. Smith</u>, 712 F.2d 1421, 1424 (D.C.Cir. 1983). In the alternative, the Court may find that the action should be transferred to a district where personal jurisdiction might exist, pursuant to 28 U.S.C. § 1631.

Section 1631 provides that "[w]henever a civil action is filed in a court... and that

---

[1] Plaintiff's complaint mentions several individuals besides Defendant Bertsch, but it does not appear that he is attempting to sue any of those other individuals. In any event, there are no allegations suggesting that those other individuals reside in Minnesota, or have engaged in any activity that might create personal jurisdiction over them in Minnesota. Therefore, if Plaintiff were attempting to sue any of those other individuals, there would be no proper basis for exercising personal jurisdiction over them in this District.

court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action... to any other such court in which the action... could have been brought at the time it was filed." A transfer under § 1631, rather than dismissal, is appropriate "when a plaintiff in good faith filed in the wrong court and the statute of limitations would have run before he could refile properly." Gunn v. United States Dep't of Agriculture, 118 F.3d 1233, 1240 (8th Cir. 1997), cert. denied, 522 U.S. 1111 (1998), citing In re Apex Oil Co., 884 F.2d 343, 346 (8th Cir. 1989); Hempstead County and Nevada County Project v. United States E.P.A., 700 F.2d 459, 463 (8th Cir. 1983). Thus, in order to determine whether the "interests of justice" require that a case be transferred, rather than dismissed, a court must consider whether dismissal of the action will affect the plaintiff's vulnerability to a statute of limitations defense. If the plaintiff can still refile his action in a proper court before the statute of limitations expires, then a transfer pursuant to § 1631 is unnecessary, and the case can simply be dismissed. Gunn, 118 F.3d at 1240 (transfer pursuant to § 1631 not required where Plaintiff could still bring a timely action in a proper court); cf. Gray v. Lewis & Clark Expeditions, Inc., 12 F. Supp.2d 993, 999 (D.Neb. 1998) (case transferred to court that had personal jurisdiction where it appeared that the statute of limitations expired shortly after the case was filed in the transferor court).

     Here, Plaintiff's claims are based on events that allegedly occurred fairly recently, and appear to be ongoing. Plaintiff has not suggested, and the Court finds no reason to believe, that any of Plaintiff's current claims is subject to any imminent statute of limitations deadline. Thus, the Court concludes that it would be preferable to dismiss Plaintiff's claims against Defendant Bertsch, rather than transfer this action to another district, (namely the District of North Dakota), pursuant to § 1631.

## III. CONCLUSION

For the reasons discussed above, the Court will recommend that this action be summarily dismissed, without prejudice, for lack of personal jurisdiction over the named Defendant. Having determined that this action should be summarily dismissed, the Court will further recommend that Plaintiff's IFP application be denied. See Sanders, supra; 28 U.S.C. § 1915(e)(2)(B).

Finally, the Court notes that Plaintiff previously was warned against filing any further actions that could not properly be entertained in this District. (See R&R in Moore v. Bertsch, No. 11-3700 (DWF/LIB), [Docket No. 6], p. 4, fn. 2.) By filing this new lawsuit, Plaintiff has flagrantly flouted the Court's prior warning. Although the Court will not recommend that Plaintiff's filing privileges be restricted at this time, he is now given a final explicit warning: If Plaintiff files another complaint in this District that warrants summary dismissal, the Court will recommend that he be prohibited from filing any future actions in this District, unless he is represented by counsel, or he receives pre-filing authorization from a District Court Judge.

## IV. RECOMMENDATION

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS RECOMMENDED** that:

1. Plaintiff's application for leave to proceed in forma pauperis, (Docket No. 2), be **DENIED**; and

2. This action be summarily **DISMISSED WITHOUT PREJUDICE**.

Dated: March 13 , 2012

              s/ Leo I. Brisbois
              LEO I. BRISOBOIS
              United States Magistrate Judge

## N O T I C E

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties **by March 27, 2012**, a writing that specifically identifies the portions of the Report to which objections are made and the bases for each objection. A party may respond to the objections within fourteen days of service thereof. Written submissions by any party shall comply with the applicable word limitations provided for in the Local Rules. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. This Report and Recommendation does not constitute an order or judgment from the District Court, and it is therefore not directly appealable to the Court of Appeals.