# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Anthony Moore,                                          Civil No. 12-607 (DWF/LIB)

                    Plaintiff-Appellant,

v.                                                              **ORDER**

LeAnn K. Bertsch, et al., suing in their
official and individual capacities,

                    Defendants-Appellees.


        This matter is presently before the Court on Plaintiff's application for leave to

proceed *in forma pauperis*, ("IFP"), on appeal.  (Doc. No. 11.)  For the reasons discussed

below, the Court concludes that (a) Plaintiff's IFP application should be granted, and

(b) Plaintiff should be excused from paying any initial partial filing fee for his appeal.

        Plaintiff is a North Dakota state prison inmate.  He is attempting to appeal this

Court's dismissal of his complaint seeking relief under 42 U.S.C. § 1983.  (*See* Order

dated May 22, 2012; [Doc. No. 7].)

        Because Plaintiff is a prisoner, his IFP application is governed by the Prison

Litigation Reform Act of 1995 ("PLRA").  The PLRA requires all prisoner litigants to

pay the full $455 filing fee for an appeal, regardless of their financial circumstances.

28 U.S.C. § 1915(b)(1); *see also Henderson v. Norris*, 129 F.3d 481 (8th Cir. 1997); *In re

Tyler,* 110 F.3d 528, 529-30 (8th Cir. 1997).  However, a prisoner who is financially

eligible for IFP status under 28 U.S.C. § 1915 will be excused from <u>pre</u>-paying the full

$455 filing fee as a condition to filing an appeal, and will instead be required to pay the filing fee in installments.

When a prisoner applies for IFP status on appeal, the Court must first determine whether the prisoner is "destitute;" i.e., whether he or she has "no assets and no means" by which to pay even a partial filing fee.  28 U.S.C. § 1915(b)(4).  If the prisoner is found to be wholly destitute, then he or she will not have to pre-pay any part of the filing fee.  If the prisoner is found not to be wholly destitute, then the Court must calculate and assess an "initial partial filing fee" pursuant to § 1915(b)(1).  *Henderson*, 129 F.3d at 485.  In either event, the remaining balance of the $455 filing fee is to be paid in installments pursuant to § 1915(b)(2).

A prisoner's IFP application will be denied, regardless of his financial circumstances, if the Court determines that his appeal is not taken "in good faith." 28 U.S.C. §§ 1915(a)(3) and 1915(e)(2); Fed. R. App. P. 24(a)(3); *see also Henderson*, 129 F.3d at 485 ("District courts should continue to certify pursuant to § 1915(a)(3) and Federal Rule of Appellate Procedure 24(a) whether or not an appeal by any appellant who has moved in the district court to proceed in forma pauperis on appeal is or is not taken in good faith").  Good faith in this context is judged by an objective standard and not by the subjective beliefs of the appellant.  *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).  To determine whether an appeal is taken in good faith, the Court must decide whether the claims to be decided on appeal are factually or legally frivolous.  *Id.*  An appeal is frivolous, and therefore cannot be taken in good faith, "where it lacks an

arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Based on the information furnished in Plaintiff's IFP application, the Court finds that he is wholly destitute at this time.  It appears that Plaintiff presently has no source of income and no assets that could be used to pay even an initial partial filing fee for his appeal.  Plaintiff will therefore be excused from paying an initial partial filing fee for his appeal, pursuant to § 1915(b)(4).  He will, of course, remain liable for the full $455 filing fee for his appeal, and prison officials will have to deduct that amount from his trust account pursuant § 1915(b)(2).  *See In re Tyler*, *supra*.

The Court is fully satisfied that Plaintiff's complaint was properly dismissed and that he has no meritorious grounds for bringing an appeal.  Indeed, Plaintiff's appeal in this matter is so baseless that it could be deemed "frivolous."[1]  Nevertheless, given the Supreme Court's liberal definition of "good faith," (for IFP purposes), Plaintiff's current IFP application will not be denied for lack of good faith.

Based upon the foregoing, and all of the files, records and proceedings herein,

**IT IS HEREBY ORDERED** that:

1.      Plaintiff's application to proceed *in forma pauperis* on appeal, (Doc.

---

[1] The Court notes that Plaintiff has taken two previous appeals to the Eighth Circuit Court of Appeals during the past seven months, and both of those appeals were summarily dismissed.  The Court also notes that Plaintiff was recently added to the District Court's list of "restricted filers," and he is currently prohibited from filing any new actions in the District of Minnesota unless he is represented by counsel, or a Judge pre-approves his proposed complaint.  (*See Moore v. Bertsch*, Civil No. 12-1146 (DWF/LIB), Order dated June 25, 2012, [Docket No. 5].)

No. [11]), is **GRANTED**.

2.      Pursuant to 28 U.S.C. § 1915(b)(4) and *Henderson v. Norris*, Plaintiff is found to be wholly destitute, and will therefore be excused from paying any initial partial filing fee at this time.

3.      Plaintiff shall remain liable for the full $455 filing fee for his appeal, which shall be paid in the manner provided by 28 U.S.C. § 1915(b)(2).

Dated:  July 3, 2012                    s/Donovan W. Frank
                                        DONOVAN W. FRANK
                                        United States District Judge